**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RODNEY MUNDY WHITEHEAD,

    Petitioner,

v.                                            Case No.   3:16-cv-645-J-32JRK
                                                            3:12-CR-48-J-32JRK

UNITED STATES OF AMERICA,

    Respondents.

---

**O R D E R**

This case is before the Court on Petitioner Rodney Whitehead's Motion to Vacate, Set Aside, or Correct Sentence. (Doc. 1). [1] The government responded to the motion. (Doc. 7). Although originally filed under 28 U.S.C. § 2241, at the request of both parties, (Docs. 7, 9), the Ocala division of this Court converted the motion to one under 28 U.S.C. § 2255 and transferred it to this division in accordance with that statute. (Doc. 10).

**I. BACKGROUND**

On July 18, 2012, Whitehead pleaded guilty to Count Two of his indictment for Possession of a Firearm by a Convicted Felon in violation of 18

---

[1] Citations to Whitehead's underlying criminal case, United States v. Whitehead, no. 3:12-cr-48-J-32-JRK, are designated "Cr. Doc.", whereas citations to the record of this case are designated "Doc."

U.S.C. §§ 922(g)(1) and 924(e). (Cr. Doc. 35 at 1). The plea agreement states that "Count Two is punishable by a mandatory minimum term of imprisonment of fifteen (15) years up to life imprisonment . . . ." (Cr. Doc. 35 at 2). The next paragraph of the plea agreement, which was initialed by Whitehead, states:

> Further, the Defendant stipulates and agrees that he shall be subject to the referenced penalty under 18 U.S.C. § 924(e) because the defendant has the required three or more prior convictions, each of which qualify as a serious drug offense under the law. Specifically those convictions are:
>
> 1. Count One, Trafficking in Cocaine, Case Number F94015592, in the Circuit Court, Eleventh Judicial Circuit, in and for Dade County, Florida, on or about June 9, 1995;
>
> 2. Possession with Intent to Sell Cocaine, in Case Number 91-770-CFA, Division A, in the Circuit Court, Fourth Judicial Circuit, in and for Clay County, Florida, on or about August 13, 1991;
>
> 3. Possession with Intent to Sell Cocaine, in Case Number 89-635-CF, Division CR-C, in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, on or about May 31, 1989; and
>
> 4. Sale or Delivery of Cocaine, in Case Number 88-2733CF, Division CR-C, in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, on or about April 8, 1988.
>
> Defendant's Initials  RW          2

(Cr. Doc. 35 at 2). The Court accepted the plea, and on November 1, 2012, the Court sentenced Whitehead to 180 months of imprisonment. (Cr. Doc. 36). During the sentencing hearing, Whitehead moved to amend his plea agreement so that it would not contain language prohibiting collateral attacks

2

of his sentence, and over the government's objection, the Court granted this motion. (Cr. Doc. 34).

Whitehead now challenges his sentence by claiming that the ACCA does not apply to him, and without such enhancement his sentence should not exceed ten years. (Doc. 1 at 10). In support of his motion, Whitehead presents two arguments. First, he asserts that the government never proved that the predicate offenses occurred on separate occasions. (Doc. 1 at 10). Second, he claims that, based on "the recent series of Supreme Court decisions . . . some or at least one of Mr. Whitehead's state convictions do not qualify as predicates under the [ACCA]." (Doc. 1 at 11 (citing Johnson v. United States, 135 S. Ct. 2551 (2015)). Both of Whitehead's arguments are meritless.

## II. DISCUSSION

The Armed Career Criminal Act, as codified in 18 U.S.C. § 924(e), states:

(1) In the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e). A serious drug offense under state law is one "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . ., for which a maximum term of imprisonment of ten years or more is prescribed by law." Id.

The government attached the Judgments for three of Whiteheads prior convictions to their response. (See Docs. 7-2; 7-3; 7-4). The Judgments of Conviction show that in 1988, 1989, and 1991, Whitehead was convicted for offenses involving the possession and sale of cocaine, and each was a second degree felony under Florida law. (Docs. 7-2; 7-3; 7-4). Florida law lists the penalty "[f]or a felony of the second degree, by a term of imprisonment not exceeding 15 years." § 775.082(3)(d), Fla. Stat. (2017). The maximum term of imprisonment for a second degree felony under Florida law has remained unchanged since before any of Whitehead's convictions. Thus, each of Whitehead's prior convictions qualify as "serious drug offenses," and Johnson—which struck down the residual clause of the ACCA as unconstitutional—does not affect Whitehead's sentence. Johnson, 135 S. Ct. at 2563. As Johnson has no applicability to Whitehead's sentence, the Court declines to address his other argument because his motion, which was filed more than one year after the date on which the judgment of conviction became final, is untimely.[2] 28 U.S.C. § 2255(f)(1).

Accordingly it is hereby

**ORDERED:**

---

[2] Alternatively, Whitehead's other arguments are meritless.

1. Whitehead's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED**.

2. The Clerk shall enter judgment in favor of the United States and against Rodney Whitehead, and then close the file.

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-Eli v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

Certificate of appealability and leave to appeal in forma pauperis DENIED.

**DONE AND ORDERED** in Jacksonville, Florida this 13th day of September, 2018.

/s/ Timothy J. Corrigan
TIMOTHY J. CORRIGAN
United States District Judge

jb
Copies to:
Counsel of record

Pro Se party